(90 Misc. Rep. 385)

## DYMOW v. OSTROW.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

PRINCIPAL AND AGENT ⬤￫136—CONTRACT BY AGENT—CONSTRUCTION—LIABILITY OF AGENT.

An instrument offered to plaintiff by the individual defendant, and signed by him, reciting the receipt on account from the Niagara Feature Film Company of $50 to be applied on account of $200, which plaintiff was to receive for writing two scenarios for it, disclosed the corporation to be the principal, and the defendant, its agent, was not liable thereon.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. ⬤￫136.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

Action by Ossip Dymow against J. William Ostrow. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dis-- missed.

Argued April term, 1915, before GUY and BIJUR, JJ.

Prince & Nathan, of New York City (Alfred B. Nathan, of New York City, of counsel), for appellant.
Bernard Edelhertz, of New York City, for respondent.

GUY, J. The suit was to recover $150, balance of agreed price of $200 for the writing of a scenario for a moving picture performance. The defense was that the services were performed for the Niagara Feature Film Company, a corporation of which the defendant was secretary.

The plaintiff is a Russian author, and in August, 1914, he had been in this country five months. One Thomaschefsky, an actor and a friend of the plaintiff, had in July, 1914, made an agreement with the corporation to pose in a play, and he introduced the plaintiff to the defendant. On or about August 5, 1914, at Sunnyside, N. Y., the plaintiff agreed to write the play, and there and then he signed the following, which was written on two sheets of paper by the defendant:

"Received on account from Niagara Feature Film Co. fifty dollars, to be applied to our mutual agreement that I am to receive two hundred dollars for which I am to write for them exclusively two scenarios, consisting of two reels each. It is distinctly understood that Mr. Boris Thomaschefsky is to pose in these two scenarios, as per his contract with the Niagara Feature Film Co. This $50 (fifty) receipt is to apply on a/c of the two hundred dollars I am to receive.        Ossip Dymow."

The paper was witnessed by Thomaschefsky, from whom the defendant borrowed the $50 paid plaintiff on account. The plaintiff read the paper before he signed it, but said he did not understand it; that he saw the words "Feature Film," and did not understand what they meant, and he "was a little ashamed to ask what it meant"; that the defendant told him it was a receipt. The plaintiff said that the conversation was in German. Thomaschefsky stated that the plaintiff and defendant spoke in Jewish and half-English, and he knew the paper was more than a mere receipt for $50. The defendant swore that he spoke to both the plaintiff and Thomaschefsky in English, and that the plaintiff spoke to him in English, and to his friend in German; that he (the defendant) could not talk German. Thomaschefsky was born in the United States. In a letter written by the defendant to the plaintiff September 17, 1914, he stated that as soon as the actor had posed in the play that had been written by the plaintiff the writer would pay the money asked for by the author.

The plaintiff swore that in the conversation at Sunnyside the corporation was never mentioned. He read the so-called receipt aloud in court, and said that he then understood it, and, when asked whether he was to receive $200 for one play, answered that he did not remember. At the close of the entire case the learned trial justice gave judgment for the plaintiff, his reasons being that the defendant held him-

self out as the principal in the transaction, and the plaintiff thought, was justified in thinking, he was dealing with the defendant personally.

Plaintiff did not make out a cause of action against this defendant. The writing signed by the plaintiff and witnessed by his friend shows that the defendant did not hold himself out as the principal in the transaction, for it unmistakably disclosed the principal to be the corporation. If, as stated by the plaintiff, he did not understand the writing when he signed it, he could have easily asked Thomaschefsky or the defendant to enlighten him as to its contents, and for his negligence or supersensitiveness in refraining from making inquiry the defendant should not, under the circumstances, be held responsible.

Judgment reversed, with costs, and complaint dismissed, with costs.

BIJUR, J., concurs.   PENDLETON, J., not sitting.